## UNITED STATES v. SWETELL et al.
### No. 1653.

District Court, D. New Jersey.
June 12, 1931.

John Drewen, Pros. of the Pleas, of Jersey City, N. J. (Irving Eisenberg, of Jersey City, N. J., of counsel), for complainant.

Maurice Grossman, of Harrison, N. J., for defendants.

AVIS, District Judge.

The bill of complaint is filed against the defendants alleging a violation of the National Prohibition Act (27 USCA), and prays for personal injunction against the defendants and also for an injunction against the use of the premises for a period of one year.

The allegations of the bill generally are that intoxicating liquor was sold in the premises, and that this fact, together with the surrounding circumstances, constitutes the premises a nuisance under the statute.

The proof shows that whisky was sold on the premises on August 11, 1930, to two detectives from the Hudson county prosecutor's office. The whisky was served from a bottle taken from behind the bar, and returned after the drinks were served. It is not definitely proven as to who actually made the sale and served the liquor, but it is clearly proven that the defendants were at the time of sale, and now are, the owners of the premises described in the bill of complaint, and the proprietors of the business conducted therein, which is personally supervised by them.

The room in which the sale was made is furnished as a barroom, with bar and fixtures, and the evidence shows that the furniture and fixtures were there as late as February 14, 1931, on which date the witness Seiler visited the premises. He testified that on that date "it was a saloon with a bar and fitted out just the same as any ordinary saloon."

Counsel for the defendants first claims that the bill of complaint is defective, but this argument comes too late. Equity Rule 29 (28 USCA § 723) in part provides: "Every defense in point of law arising upon the face of the bill, whether for misjoinder, nonjoinder, or insufficiency of fact to constitute a valid cause of action in equity, which might heretofore have been made by demurrer or plea, shall be made by motion to dismiss or in the answer; and every such point of law going to the whole or a material part of the cause or causes of action stated in the bill may be called up and disposed of before final hearing at the discretion of the court. * * * *"

No motion was made with relation to the insufficiency of the bill, nor was this question reserved in the answer.

Regardless of the question of practice, I am satisfied that the bill sufficiently states a case upon which a decree may be entered.

The allegations are not made in the disjunctive as claimed by counsel. The bill states: "Complainant is informed, verily believes and therefore alleges on information and belief, that said premises are now used and maintained as a place where intoxicating

liquor, as defined by Section I of Title II of said 'National Prohibition Act,' is sold, bartered, manufactured *and* kept for sale for beverage purposes in violation of the provisions of said Title by the defendants above named, *and complainant alleges more particularly that intoxicating liquor, namely whiskey, was unlawfully kept for sale and sold on said premises on August 11, 1930.*" (Italics mine.)

The charges of the bill predicate certain claims "on information and belief," but also "alleges" that the premises are maintained in violation of the law. This, together with the allegation of fact as to the sale of liquor, constitutes a sufficient statement to put the defendants on their defense.

█ The facts testified to show convincingly that the defendants owned and operated the business at the place designated; that the sale of intoxicating liquor was made in the premises; that the detectives poured their drinks from a bottle furnished by the bartender, and that no change had been made in the saloon fixtures as late as February, 1931.

A decree will be signed sustaining the bill as to the injunction against the barroom, but the bill will be dismissed as to the defendants personally.

In padlocking, the defendants should be permitted entrance to the residence portion of the building.